UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JAMES WATSON

    Plaintiff,
vs.

GS INTOWN, LLC
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff James Watson ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant GS INTOWN, LLC, a foreign limited liability company, for injunctive relief and damages pursuant to 42 U.S.C. § 3604(c) of the Fair Housing Act, as amended ("FHAA") and Florida Statutes § 760.20-760.37, the Florida Fair Housing Act and alleges:

## JURISDICTION

1.     This is an action for damages, declaratory and injunctive relief pursuant to the Fair Housing Act and the Florida Fair Housing Act. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. §1367.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendant GS INTOWN, LLC is authorized to conduct, and is conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff James Watson is a resident of the State of Florida and resides in Miami-Dade County. Plaintiff has a disability (handicapped per the FHAA) within the meaning of 42 USC §3602 (h)(1) having blindness, a vision disability. Plaintiff is substantially limited in the major life activity of seeing.

5. Plaintiff is a tester under the FHAA and state law. He performs testing to ensure that persons involved in the renting, leasing or selling dwelling units do so in such a manner as to not discriminate or indicate a preference regarding the race, religion, national origin, sex, disability, marital or familial status, or such other protected classes, of persons seeking housing, as may be conferred by federal, state or local laws.

6. Plaintiff is also an "aggrieved person" under the law who has been injured by Defendant's discriminatory housing practice. Plaintiff will continue to suffer injuries because of Defendant's continuous discriminatory housing practices for which there is no adequate remedy at law.

7. Defendant GS INTOWN, LLC is a "person" under 42 U.S.C. § 3602(d) and foregin company organized to operate a residential community located in Miami-Dade County, Florida. Defendant leases or caused to be leased a "dwelling" as defined 42 U.S.C. § 3602(b) of the Fair Housing Act and the Florida Fair Housing Act.

## FACTS

8. Defendant leases dwelling units in Miami-Dade County at 1900 NW 8th Street, Miami, FL 33137 bringing it under the ambit of the Fair Housing Act and the Florida Fair Housing Act.

9. To advertise its dwelling units, Defendant uses a website at www.intownapts.com. The website is not properly programmed to work with JAWS, the most widely used screen reader software for persons with vision disabilities.

10. On July 11, 2021, Plaintiff visited Defendant's website to test for discriminatory and unlawful preferences on the basis handicap in Defendant's digital advertising in violation of 42 U.S.C. § 3604 (c). Defendant made, published, or caused to be made, printed or published a statement or advertisement with respect to the sale or rental of a dwelling, Plaintiff observed that the inaccessibility of Defendant's website indicated a preference, limitation, or discrimination based upon handicap (vision disability) or indicated an intention to make any such preference, limitation or discrimination against persons with vision disabilities because Plaintiff could not apply for housing. The notice, statement, or advertisement with respect to the sale or rental of a dwelling which evidenced discrimination or which indicated an intention to make such any an intent to discriminate were as follows:

   a. Content is not presented in a meaningful order: After selecting a date in the Schedule a Tour form, two buttons are displayed at the bottom of the form - morning and afternoon. Users are not aware that these buttons are displayed. For example, after selecting "Today 30", the two buttons were displayed but not announced. Instead of hearing the buttons, focus moves to the next date, so there is no indication given that buttons are available. Therefore, persons with vision disabilities cannot schedule a tour.

   b. The website uses presentation that relies solely on color: Selected dates receive a black outline to show which date was selected, but this is not announced. Screen

    reader users do not hear a confirmation when they select a date. Instead, focus moves to the next date and announces that date.

c. Website is not accessible by keyboard only: Screen reader users cannot answer the first question in the Schedule Tour form. The first question requires users to select the type of tour they would like, but users cannot navigate to these answers. After expanding Schedule the Tour, the two options are displayed, but they are not announced. If a user presses the arrow key, the focus moves to the next menu item. If a user presses the Tab key, then focus moves to the minimize button and then it moves to the Email Us menu. These buttons are required to be accessible by the Tab key and focus should immediately move to them when they are displayed so users clearly understand the results of their actions.

d. There is no "Skip to Content" link available on the website.

e. The website does not provide focus in a logical order that preserves meaning and operability: The Chat Now, Schedule a Tour and Email Us menu items expand to show a list of options. When a section is expanded, the focus should move immediately into it. In this case, once the menu is expanded, focus moves to the next menu item.

f. Any component that has text or images of text must have an accessible name shown in visible text: Some elements of the Schedule a Tour form are not labeled correctly. For example, the X, or close button, is announced as "button" and the minimize button is not announced at all.

g. Elements are not labeled and give instructions: Screen reader users are not able to log into their accounts because each field on the login form is announced as "blank".

h. All elements are not built for accessibility: After a user selects a date to Schedule a Tour form, then two buttons are displayed - morning and afternoon. A user must select one option in order to move to the next step, however, focus does not move to these buttons when displayed and they are not automatically announced. When users select the first date option, a sighted user will see the two buttons displayed, but, for blind users, focus will unexpectedly move to the next date for screen reader users.

i. Headings and labels are not clear: The SMS checkbox on the schedule a tour form is not labeled. This is a required field, but users only hear checkbox not checked.

j. A status message is presented and focus is not set to that message and the message is not announced to screen reader users: After pressing the "Get Notified" button, a pop-up section is displayed. The pop-up was not announced and did not receive focus.

11. Plaintiff has suffered, and continues to suffer frustration and humiliation as the result of the discriminatory conditions present on Defendant's website which indicated a preference based on disability. By continuing to operate its website with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the benefits of freely choosing housing and a housing provider under the Fair House Act and the Florida Fair Housing Act as provided to sighted

persons.  By encountering the discriminatory conditions at Defendant's website, and knowing it would be a futile gesture to attempt to utilize the website unless he is willing to endure additional discrimination, Plaintiff is deterred and discouraged from visiting Defendant's website.

12.	Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.  Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to the Fair Housing Act and the Florida Fair Housing Act.

## COUNT I—VIOLATION OF THE FAIR HOUSING ACT AND THE FLORIDA FAIR HOUSING ACT

13.	Plaintiff repeats and incorporates paragraphs 1-12 by reference.

14.	In September 1988, Congress amended the FHA to prohibit discrimination on the additional grounds of physical and mental handicap as well as familial status.

15.	Section 804 (c) of the FHA makes it unlawful:

> **To make, print, or publish, or cause to be made, printed or published any notice, statement, or advertisement,** with respect to the sale or rental of a dwelling **that indicates any preference**, limitation, or discrimination **based on** race, color, religion, **handicap**, familiar status, or national origin, **or an intention to make any such preference, limitation, or discrimination.** (emphasis added)

16.	Following the amendment of the Fair Housing Act in 1988, or the enactment of State and Local laws prohibiting discrimination against people with disabilities, Defendant failed to make its website accessible to people with vision disabilities.  Although inaccessible to people with vision disabilities, Defendant's website is fully accessible to the sighted, thereby indicating a preference against people with vision disabilities.

17. According to guidance from the U.S. Department of Housing and Urban Development, issued in September 2006, the prohibition against indicating a preference applies equally to websites and social media as it does to magazine and newspaper advertising.[1] The days of buying newspaper advertisements to run on the weekends have passed. Residential real estate marketing has gone digital and is done through multiple channels including video, social media, websites and email.[2] These digital media platforms allow persons involved in residential real estate marketing to reach millions of potential buyers all over the world, not just in South Florida.

18. The website indicated an unlawful preference for the sighted because people with vision disabilities cannot use the website to learn about Defendant's dwellings or make an application to be a resident or to schedule a tour.

19. Defendant's digital advertisement constitutes a pattern, practice and policy of housing discrimination of the basis of disability. In engaging in such activities, Defendant has acted intentionally and recklessly violated Plaintiff's civil rights and damaged the rights and feelings of Plaintiff.

20. On information and belief, because Defendant continues to engage in the unlawful acts and pattern and practice of discrimination described herein, Plaintiff has no adequate remedy at law. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's acts and patterns or practices of discrimination based on handicap unless this court provides further relief.

21. By publishing its discriminatory indication of an unlawful preference based on disability, Defendant has violated the Fair Housing Act "by making, printing, publishing or

---

[1] https://www.lhop.org/wp-content/uploads/2020/11/2006-Internet-Advertising.pdf
[2] https://gowercrowd.com/real-estate-syndication/marketing-strategy-for-real-estate-developers

causing to be made, printed or published statements and advertisements, with respect to the rental or sale of a dwelling that indicated a preference, limitation, or discrimination based on handicap."

22.     By publishing its discriminatory indication of an unlawful preference based on disability, Defendant has violated the Florida Fair Housing Act (Fla. Stat. §§ 760.23(3)) by making, printing, publishing, or causing to be made, printed, published, a notice, statement, or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based upon handicap or an intention to make any such preference, limitation or discrimination.

23.     As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, James Watson, demands judgement against the Defendant to enjoin Defendant from discriminating against Plaintiff and other people with disabilities on the basis of handicap in the future as follows:

a.      That the Court declare that the actions of the Defendant violated the Fair Housing Act Amendments by discriminating against people with disabilities.

b.      That the Court enjoin Defendant from discriminating against Plaintiff or any other person on the basis of handicap.

c.      That the Court award appropriate compensatory and punitive damages to Plaintiff.

d.      That the Court declare that the Defendant's actions were willful, wanton and in reckless disregard of Plaintiff's civil rights under law.

e.      That the Court order Defendant to remediate its website to be equally and fully useable to persons with vision disabilities.

  f. Find that Plaintiff is entitled to an award of attorney's fees, costs and reserve ruling as to the amounts and the applicable multiplier until the conclusion of the trial on this matter.

  g. And, grant any other relief as this Court deems just and equitable.

WHEREFORE, Plaintiff, James Watson, demands judgement against the Defendant GS Intown, LLC  and to enjoin Defendant from continuing to violate the Fair Housing Act and the Florida Fair Housing Act, and prevent discrimination to other persons based upon disability and award appropriate injunctive relief, compensatory, punitive damages and attorney fees and costs.

## JURY DEMAND

PLAINTIFF hereby demands a trial by jury in this action for all issues and claims for which a trial by jury is permitted.

Dated this 24th day of August 2021.

      Respectfully submitted,

      */s/ J. Courtney Cunningham*
      J. Courtney Cunningham, Esq.
      J. COURTNEY CUNNINGHAM, PLLC
      FBN: 628166
      8950 SW 74th Court, Suite 2201
      Miami, Florida 33156
      Telephone:  305-351-2014
      Email: cc@cunninghampllc.com
      *Counsel for Plaintiff*